UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RONALD J. ALLISON,<br><br>Plaintiff,<br><br>v.<br><br>EMPLOYEES OF STEIN HOSPITAL,<br><br>Defendant. | Case No. 2:21-cv-01401-RFB-EJY<br><br>**REPORT AND RECOMMENDATION** |

On July 27, 2021, Plaintiff submitted what appeared to be a proposed complaint under 42 U.S.C. § 1983 (ECF No. 1-1), but failed to file a complete *in forma pauperis* ("IFP") application or pay the required filing fee. On March 9, 2022, the Court granted Plaintiff through and including May 9, 2022 to either pay the filing fee or submit an IFP application and file a complaint in compliance with LSR 2-1. ECF No. 5. The Court's Order further explained that Plaintiff's case would be recommended for dismissal without prejudice if Plaintiff failed to comply with the Court's Order. *Id.* at 3. On March 28, 2022, the Court's Order was returned as undeliverable. ECF No. 6. On July 5, 2022, Plaintiff submitted a letter to the Court stating he reported the Court to the FBI. ECF No. 7. However, as of the date of this Report and Recommendation, Plaintiff has not paid the filing fee or submitted an IFP application.

District courts have the inherent power to control their dockets and, "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply

with local rules). A court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262.

Accordingly, IT IS HEREBY RECOMMENDED that this matter be dismissed without prejudice for failure to comply with this Court's March 9, 2022 Order.

DATED this 26th day of August, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn,* 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).